**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDY FLETCHER MONTANO, | No. 24-5202 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00369-SAB |
| v. | |
| THE DENTISTS INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-third-pty-plaintiff - Appellee, | |
| v. | |
| DR. SANDY FLETCHER MONTANO DDS, PLLC, a Washington Professional Limited Liability Company, DEER PARK DENTAL, PLLC, a Washington Professional Limited Liability Company, | |
| Third-pty-defendants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted February 18, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Sandy Fletcher Montano appeals pro se from the district court's summary judgment in his diversity action against The Dentists Insurance Company ("TDIC") alleging claims stemming from its denial of insurance coverage under a fraud clause in Montano's policy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Burch v. City of Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025). We affirm.

The district court properly granted summary judgment on Montano's claim for breach of contract because Montano failed to raise a genuine dispute of material fact as to whether he was entitled to coverage despite making material misrepresentations that would void his insurance claim. *See Ki Sin Kim v. Allstate Ins. Co.*, 223 P.3d 1180, 1188 (Wash. Ct. App. 2009) (explaining that Washington courts uphold "'void for fraud' provisions where the policy expressly states that an insured is not entitled to coverage if that insured intentionally misrepresents or conceals a material fact regarding a claim and that such misrepresentations will void the entire policy"); *see also Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999) (stating that federal courts apply state law when interpreting insurance policies in diversity actions).

The district court properly granted summary judgment on Montano's extracontractual claims because the district court's finding of fraud precludes

2                                                                  24-5202

recovery for bad faith, for Washington Consumer Protection Act ("CPA")
violations, or for Washington Insurance Fair Conduct Act ("IFCA") violations, and
Montano failed to raise a genuine dispute of material fact as to whether TDIC's
investigation of his insurance claim was unreasonable. *See Mut. of Enumclaw Ins.
Co. v. Cox*, 757 P.2d 499, 504 (Wash. 1988) (holding that a finding of fraud
precludes recovery on claims under the CPA based on an insurance company's bad
faith); *Beasley v. GEICO Gen. Ins. Co.*, 517 P.3d 500, 517 (Wash. Ct. App. 2022)
(explaining that "IFCA claims require that the insurer's unreasonable act or acts
result in the unreasonable denial of the insured's claim"); *First State Ins. Co. v.
Kemper Nat. Ins. Co.*, 971 P.2d 953, 959 (Wash. Ct. App. 1999) (recognizing
ordinary care standard for a negligent claim handling).

We do not consider arguments raised for the first time on appeal. *See Lui v.
DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).

All pending motions are denied.

**AFFIRMED.**